IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


GREGORY MILLER,

       Petitioner,

v.                                         CASE NO. 4:05-cv-00331-MP-AK

JAMES CROSBY,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

       This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus, filed by

Gregory Miller.  According to the petition, Petitioner's conviction for second degree murder

with a firearm was affirmed on December 12, 2000.  He filed a post-conviction motion in state

court on December 26, 2001.  That motion was denied on November 22, 2002.  On August 25,

2003, Petitioner filed a motion for belated appeal of the post-conviction motion, which was

granted on December 18, 2003.  *Miller v. State*, 861 So.2d 106, 106  (Fla. D. Ct. App. 2003).

Petitioner filed the belated appeal on February 23, 2004, with the court affirming denial of the

post-conviction motion of May 9, 2005.  A motion for rehearing was unsuccessful.  The instant

petition was filed on or about September 8, 2005.

       Petitioner's conviction became final on or about March 12, 2001, ninety days after his

conviction and sentence were affirmed.  Petitioner therefore had one year from that date to seek

federal habeas corpus relief.  *See* 28 U.S.C. §2244(d)(1)(A).  Although the time for filing in this

Court is tolled during the time that a properly filed motion for post-conviction relief is pending in state court, *see* 28 U.S.C. § 2244(d)(2), between March 12, 2001, and the date when Petitioner filed his state court motion for post-conviction relief, a total of 288 days expired before those tolling provisions became applicable.  During the pendency of the post-conviction motion, the time for filing in this Court remained tolled.  Petitioner's post-conviction motion was denied on November 22, 2002, and he did not timely appeal the decision.  Therefore, the time for filing in this Court resumed running thirty days later, or December 23, 2002.  At that time, only 77 days of the one-year statute of limitations remained in which to file in this Court.  As noted, the instant petition was not filed until September 8, 2005.  By that date, the statute of limitations for seeking relief in this Court had expired by approximately two and one-half years, and nothing Petitioner did in state court after the expiration of the statute of limitations, including the request to take a belated appeal, serves to revive the time for filing here.  *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (petitioner's belated appeal motion was not pending during limitations period, and thus, tolling provisions do not restart statute of limitations once limitations period has expired); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).  Though the time for filing a § 2254 petition may be equitably tolled under certain extraordinary circumstances, a review of the documents reveals nothing to support equitable tolling.  *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (to qualify for equitable tolling, petitioner must show extraordinary circumstances that are both beyond his control and unavoidable even with diligence); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).

Because the instant petition is untimely, it is respectfully **RECOMMENDED** that the

petition for writ of habeas corpus be **DENIED** and this cause be **DISMISSED WITH**

**PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this __**21**st__ day of September, 2005.

**s/ A. KORNBLUM** _____
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**