IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GREGORY MILLER,

    Petitioner,

v.                                             CASE NO. 4:05-cv-00331-MP-AK

JAMES CROSBY,

    Respondent.

_____/

**O R D E R**

This matter is before the Court on Doc. 5, Report and Recommendations of the Magistrate Judge, recommending that Doc. 1, Petition for Writ of Habeas Corpus filed by Gregory Miller be denied and that this cause be dismissed with prejudice.  The Magistrate Judge filed the Report and Recommendation on Wednesday, September 21, 2005.  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections.  The Defendant has objected to the Magistrate's findings, Doc. 6. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

Having considered the Report and Recommendation and all objections thereto timely filed, I have determined that the Report and Recommendation should be adopted.  Petitioner had one year from the date his conviction became final in which to file a petition for federal habeas corpus relief.  See 28 U.S.C. § 2244(d)(1)(A).  As the Magistrate correctly stated, Petitioner's conviction became final on or about March 12, 2001.  Prior to Petitioner filing any motion for post-conviction relief, a total of 288 days elapsed.  Thus, from that point on, Petitioner was left with only 77 days of the one-year statute of limitation period in which to file his federal petition

for habeas corpus relief. The statute of limitations was then tolled until the state court denied Petitioner's request for post-conviction relief on November 22, 2002. Petitioner did not file an appeal until August 25, 2003. The gap between the state court's denial of Petitioner's motion for post-conviction relief and when Petitioner filed a motion for late appeal clearly exceeded the 77 day period remaining on the statute of limitations for federal habeas corpus relief.

While Petitioner claims that a belated motion, such as the one he filed on August 25, 2003, constitutes a "properly filed application for State post-conviction or other collateral review" sufficient to toll the statute of limitations under 28 U.S.C. § 2244(d)(2), the Eleventh Circuit has held otherwise. In <u>Moore v. Crosby</u>, the Eleventh Circuit found that:

> [t]he statutory tolling provision does not encompass a period of time in which a state prisoner does not have a "properly filed" post-conviction application actually pending in state court. A state application filed after expiration of the limitations period does not relate back so as to toll idle periods preceding the filing of the federal petition. The plain language of the statute provides for tolling "[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2). While a "properly filed" application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired.

<u>Moore v. Crosby</u>, 321 F.3d 1377, 1381 (11th Cir. 2003).

Thus, Petitioner has failed to file his current claim within the one-year period as required by 28 U.S.C. § 2244(d)(1).

While the one-year statute of limitations period for filing a § 2254 claim may be equitably tolled in limited situations, the Court does not find any "extraordinary circumstances that are both beyond [Petitioner's] control and unavoidable even with diligence" sufficient to justify such a move. See <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11th Cir. 1999).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The petition for writ of habeas corpus, Doc. 1, is denied, and this cause is dismissed with prejudice.

**DONE AND ORDERED** this   *11th* day of October, 2005

                     *s/Maurice M. Paul*
            Maurice M. Paul, Senior District Judge