IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GREGORY MILLER,

    Petitioner,

v.                                                 CASE NO. 4:05-cv-00331-MP-AK

JAMES CROSBY,

    Respondent.

_____/

**O R D E R**

This matter is before the Court on Doc. 9, Petitioner's Notice of Appeal, which this court will treat as a Motion for a Certificate of Appealability. The Court therefore has two issues before it: whether Petitioner should be granted a Certificate of Appealability ("COA"), and if so, which issue(s) should be certified for appeal. Having considered the facts of this case and the applicable law, the Court finds that Petitioner should be granted a certificate of appealability, but only on the issue of whether his petition was timely filed.

The COA requirement is a result of amendments made to 28 U.S.C. § 2253 by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. All appeals of habeas petitions which are filed after April 24, 1996, the effective date of the AEDPA, require that a habeas petitioner first receive a COA before a circuit court can hear the petitioner's appeal. See Hunter v. United States, 101 F.3d 1565, 1573 (11th Cir. 1996) (en banc), cert. denied, 117 S.Ct. 1695, 137 L.Ed.2d 822 (1997). Pursuant to the statute, "[a] certificate of appealability may issue . . . only if the applicant has made a ***substantial showing*** of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added). Section 2253(c)(3) requires the district court to indicate which specific issues, if any, a habeas petitioner

is entitled to raise.

In order to make the requisite "substantial showing of the denial of a constitutional right" [28 U.S.C. § 2253(c)(2)], "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" Lozada v. Deeds, 498 U.S. 430, 432, 111 S.Ct. 860, 862, 112 L.Ed.2d 956 (1991) (emphasis and brackets in original) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 1983)). If a petitioner fails to make such a showing, his or her request for a COA must be denied.

In the instant case, Petitioner claims that his petition for a writ of habeas corpus was timely filed under 28 U.S.C. § 2244(d)(2). Petitioner asserts that the one-year limitation period under the statute should have been tolled in this case. This Court disagreed, but it is possible that a Court could resolve this issue differently.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion for Certificate of Appealability (doc. 9) is granted, but only as to the issue of whether his petition for a writ of habeas corpus was timely filed.

2. The clerk is directed to forward a copy of this order and an updated docket sheet to the Eleventh Circuit Court of Appeals.

**DONE AND ORDERED** this __17th__ day of November, 2005

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge